**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JUAN CANDELARIA,**                                          :
                                                             :
                                  **Plaintiff,**             :
                                                             :          **OPINION AND ORDER**
                          **- against -**                    :
                                                             :          **01 Civ. 8594 (LTS) (RLE)**
**ERICKSON, et al.,**                                        :
                                                             :
                                  **Defendants.**            :

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* plaintiff, Juan Candelaria ("Candelaria"), commenced this action on September 24, 2001, against numerous defendants under 42 U.S.C. § 1983 alleging civil rights violations. District Judge Laura Taylor Swain referred this action to the undersigned for general pretrial supervision and settlement. On June 5, 2006, the Court held a conference to discuss the status of this case. At the conference, defendant St. Agnes Hospital ("St. Agnes") asked the Court to order Candelaria to execute new authorizations for the release of updated medical records. For the reasons which follow, St. Agnes's request is **GRANTED**, and the parties are directed to complete all discovery by **September 15, 2006**.

## II. DISCUSSION

Candelaria opposes St. Agnes's request for updated medical records on three grounds: 1) that the medical records St. Agnes seeks concerning his kidney transplant are not relevant to the allegations in his complaint; 2) that he has already executed all medical releases provided by defendants; and 3) that his medical records may contain information about a third party – namely, his organ donor – and that he cannot provide a release for third-party medical records.

1.      **Relevance of the Records at Issue**

St. Agnes seeks updated medical records which contain information regarding

Candelaria's October 2005 kidney transplant.  Candelaria argues that these records are not

relevant to this action.  The standards for relevance in discovery are broad.  Rule 26(b), Federal

Rules of Civil Procedure; **Weatherspoon v. Nat'l R.R. Passenger Corp.**, 2005 WL 2548258, at

*1 (E.D.N.Y. Oct. 12, 2005).  Here, Candelaria alleges that defendants failed to diagnose and

treat his kidney condition.  Since Candelaria has placed his medical condition and the treatment

of his kidney at issue in this case, and attributes his medical condition to defendants' deliberate

indifference, his October 2005 kidney transplant is directly related to the allegations in his

complaint.  The Court finds, therefore, that medical records concerning his kidney transplant are

relevant and should be disclosed.

2.      **Recent Medical Treatment Necessitates the Execution of New Releases**

St. Agnes and Candelaria both concede that release forms for medical records were

previously executed.  However, St. Agnes maintains that it has received limited medical records

and information.  St. Agnes contends that authorizations for the release of medical records

previously executed by Candelaria are now outdated, and that new, updated authorizations are

appropriate and necessary because of the recent kidney transplant.  Candelaria takes the position

that he has satisfied his discovery obligations by previously executing authorization for the

release of medical records.  Since the Court finds that the contested medical records are relevant,

Candelaria's recent treatment and kidney transplant necessitates further discovery and the

disclosure of updated medical records.  Candelaria is, therefore, directed to execute updated

releases for medical records.

### 3.     Third Party Medical Records

Candelaria argues that medical records regarding his kidney transplant may contain sensitive medical information concerning a third party – namely, his kidney donor. He contends that he cannot compromise the medical records of his kidney donor. This argument is both speculative and without merit. By executing a release for his own medical records, Candelaria would not be authorizing or consenting to the release of sensitive or private third party medical records and information. There is no purpose served in the unwarranted invasion of the privacy of medical records concerning uninvolved third parties. **Hoppe v. G.D. Searle & Co.**, 1990 WL 198825, at *2 (S.D.N.Y. Nov. 27, 1990). The hospital has an independent obligation to safeguard records of other patients. Since the records at issue are not under Candelaria's possession, custody or control, by executing the updated releases, he would be authorizing only the disclosure of his medical records.

### III. CONCLUSION

For the foregoing reasons, Candelaria shall executive new authorizations for the release of his medical records. Candelaria requests a stay of this ruling pending an appeal to Judge Swain. His request for a stay is **GRANTED**. Any appeal from this decision shall be filed with Judge Swain within ten days. The parties are directed to complete all discovery by **September 15, 2006**.

**SO ORDERED this 7th day of June 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3