UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

JUAN CANDELARIA,

                **Plaintiff,**

              - against -

ERICKSON, et al.,

                **Defendants.**

**OPINION AND ORDER**

**01 Civ. 8594 (LTS) (RLE)**

------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* plaintiff, Juan Candelaria ("Candelaria"), commenced this action on September 24, 2001, against numerous defendants under 42 U.S.C. § 1983 alleging civil rights violations. Pending before the Court is Candelaria's application for appointment of counsel. For the reasons which follow, Candelaria's request for counsel is **GRANTED**.

## II. DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 172 (2d Cir. 1989) (citations omitted). The Court's first inquiry is whether plaintiff can afford to obtain counsel. *See* **Terminate Control Corp. v. Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case. **Hodge v. Police Officers**, 802 F.2d 58, 61

(2d Cir. 1986). Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. *See* id. at 61-62.

Candelaria satisfies the threshold requirement of indigence because he is incarcerated and is unable to afford counsel. In his application for counsel, Candelaria argues that he lacks the ability to litigate this case because he is suffering from coronary atherosclerosis. He asserts that his medical condition prevents him from 1) litigating this case; 2) contacting his expert witness; 3) and being present at depositions. Candelaria has failed to submit documentation in support of his health condition. Despite this handicap, Candelaria has demonstrated the ability to effectively and regularly communicate with the Court, setting forth relevant facts and arguments.

Candelaria's complaint alleges various civil rights violations under 42 U.S.C. § 1983. More specifically, he claims that, as a result of defendants' deliberate medical indifference, he sustained kidney failure. Since this case necessitates extensive expert discovery, the Court finds that there are complex legal issues. After careful review of Candelaria's application, the Court finds that appointment of counsel is warranted, and that he will benefit from the appointment of counsel. Accordingly, Candelaria's application for counsel is **GRANTED**.

## III. CONCLUSION

For the foregoing reasons, Candelaria's application for appointment of counsel is **GRANTED**. The *Pro Se* Office shall add this action to the list of cases eligible for appointment of counsel, and attempt to procure counsel for Candelaria in accordance with the *Pro Bono* Panel's procedures. If counsel cannot be appointment, Candelaria shall litigate this action by proceeding *pro se*. Candelaria is directed to contact the *Pro Se* Office for further assistance.

**SO ORDERED this 26th day of June 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**