UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JUAN CANDELARIA,  :<br>:<br>Plaintiff,  :<br>:<br>- against -  :<br>:<br>ERICKSON, et al.,  :<br>:<br>Defendants.  : | OPINION AND ORDER<br><br>01 Civ. 8594 (LTS) (RLE) |

**RONALD L. ELLIS, United States Magistrate Judge:**

On June 26, 2006, the Court granted plaintiff Juan Candelaria's application for appointment of counsel. Defendant St. Agnes Hospital ("St. Agnes"), by letter dated July 13, 2006, informed the Court that Candelaria should not be appointed *pro bono* counsel because he has spent more than one hundred thousand dollars for a kidney transplant.

In his application for appointment of counsel and response to the July 13 letter, Candelaria maintains that he cannot afford to retain counsel because he spent all of his money in medical expenses. Simply because he paid medical expenses in the past does not mean that Candelaria can afford or retain counsel now. St. Agnes has not presented any information or evidence to contradict Candelaria's assertions.

Candelaria, by letter dated July 19, 2006, requests that the Court impose unspecified sanctions on St. Agnes under Rule 11, Federal Rules of Civil Procedure, for presenting unsupported factual contentions. See **Storey v. Cello Holdings, L.L.C.**, 347 F.3d 370, 387 (2d Cir. 2003). The standard for triggering the award of fees under Rule 11 is objective unreasonableness. **Margo v. Weiss**, 213 F.3d 55, 65 (2d Cir. 2000). Here, the Court finds that sanctions are not warranted. Moreover, Rule 11 has notice requirements which Candelaria has not

not adhered to. Rule 11(c). *See* **AI Consulting LLC v. Cellco Partnership**, 2006 WL 860947, at *1 (D. Conn., Mar. 31, 2006).

**SO ORDERED this 8th day of August 2006**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge