**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JUAN CANDELARIA,**

**Plaintiff,**

**- against -**

**ERICKSON, et al.,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

**01 Civ. 8594 (LTS) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

Plaintiff Candelaria has applied for a default judgment against defendant St. Agnes Hospital, or in the alternative, an order compelling St. Agnes to answer his First Set of Interrogatories.[1] After careful review of the parties' submissions, the Court makes the following findings.

First, the Court finds no basis for default judgement and will address Candelaria's second request for relief, an order compelling St. Agnes to answer his First Set of Interrogatories. Defendants generally object to Candelaria's First Set of Interrogatories on the basis that he has exceeded the maximum allowable interrogatories in prior discovery requests. However, this Court has discretion to allow additional interrogatory and document requests that are relevant. The scope of discoverable documents and interrogatories is governed by Rule 26 (b), which allows disclosure of non-privileged matter that is relevant to any claim or defense. FED. R. CIV. P. 26 (b) (1). Additionally, Judge Swain has already ruled on the relevance of certain types of documents and interrogatories in her May 4, 2006 Memorandum Order ("Judge Swain's Order").

[1] In his First Set of Interrogatories, Candelaria defines the word "you" as including entities to which St. Agnes claims it is not related. The Court limits application of this Order to St. Agnes and its agents.

Therefore, the Court will address the interrogatories on the merits, and in accordance with Judge Swain's Order.

Candelaria's Interrogatory No. 1 seeks date, time, place of his diagnosis; name and address of diagnosing and treating physicians and medical staff; the nature of the treatment for his condition; and production of his own medical records, documents, or electronic devices in which diagnosis of his condition is recorded. Interrogatory No. 2 seeks facts underlying any determination of a basis for not treating his diagnosed condition. Defendants object to these interrogatories on the basis that Candelaria is already in possession of his own medical record. The Court finds that this information is relevant to his claim of medical indifference to his medical needs. While Candelaria may have some of his records, it is more efficient that the parties work from the same set of documents. The Court directs St. Agnes to respond to Interrogatory No. 1, with the exception of the request for an order compelling the addresses of "medical staff." The request for an order compelling production of the addresses of "medical staff" is denied as overly broad, without prejudice to Candelaria's ability to make particularized requests for the addresses of specific individuals, in accordance with Judge Swain's Order.

Interrogatory No. 3 seeks a description of the relationship between St. Agnes and various individuals and entities, including other medical centers, a state agency, and insurance companies. Defendants object on the basis that the information sought is not likely to lead to admissible information. The Court denies Candelaria's request to compel as it is evidenced by the affidavits provided to him by Douglas Mackenzie and Mary Keegan, he is already in possession of this information. To the extent that Candelaria seeks information concerning the relationship between St. Agnes and individuals or entities not contained within those affidavits,

the Court has no basis for determining the relevance of the discovery sought.

Interrogatory No. 4 seeks discovery of financial and insurance records, specifically the nature of the exhaustion of the primary and excess insurance policies. Defendants object on the basis that the request is not reasonably calculated to lead to the discovery of admissible evidence. This Court finds that the request is relevant to St. Agnes's ability to satisfy any award of damages, which Judge Swain has already ruled is discoverable. Defendants are directed to respond to the extent the information has not already been produced in accordance with Judge Swain's Order.

Interrogatory Nos. 5, 6, and 7 seek dates and names of physician's relating to Candelaria's admission, readmission, and discharge to and from St. Agnes Hospital. Defendants object on the basis that this information is contained in Candelaria's medical records, of which he is in possession. This objection is sustained subject to Candelaria's right to renew his application if the requested information is not contained in the medical records produced by defendants.

Interrogatory No. 8 seeks to procure information relating to St. Agnes's voluntary cessation of operations and surrender of its certificate of operation. Beyond the date of cessation of operations, the Court has no basis for determining the relevance of information sought. Candelaria's application for an order compelling defendants to answer Interrogatory No. 8 is denied, without prejudice to Candelaria's ability to make a more particularized request for information relating to the cessation of operations.

Candelaria's application to compel the answer to Interrogatory No. 9, which requests a description of the standard of care St. Agnes owes to its patients, is denied as this interrogatory calls for a legal opinion.

Interrogatory No. 10 asks defendants to identify the transferee of all inventory it formerly owned. Defendants object that this information is not reasonably calculated to lead the discovery of admissible evidence. The Court finds that Interrogatory No. 10 is relevant to St. Agnes's ability to satisfy any award of damages. The Court directs St. Agnes to provide a sworn response by a person with knowledge of St. Agnes's assets in the form of inventory previously owned through the operation of the hospital.

Interrogatory No. 11 seeks information relating to the admission of patients with Focal Segmental Glomerular Sclerosis ("FSGS") from "August 25 to December 1997," including names of patients, dates and times of admission, and a copy of their medical records. Additionally, Interrogatory No. 12 requests identification of all patients who have been diagnosed with FSGS during the operation of St. Agnes, their time and date of diagnosis, the methods used to treat the condition, the tests performed, and copies of their medical records. Defendants object to these requests on the basis that information concerning other patients is privileged and confidential. The Court denies Candelaria's request for an order to compel production of the medical records of other patients. In addition, while the request is more narrow in time from his last request spanning over five years, it still lacks particularity as to what Candelaria believes would constitute a "similar incident" to his claimed injury.

Interrogatory Nos. 13, 14, and 15 seek discovery of St. Agnes's motivation for cessation of operations, details of the breach of the loan agreement, location of assets seized and/or transferred from St. Agnes, and information concerning the foreclosure of St. Agnes's real property. Defendants object on the basis that this information is not reasonably calculated to lead to the discovery of admissible evidence. The Court finds that these interrogatories are relevant to

St. Agnes's ability to satisfy any award of damages. In accordance, the Court directs St. Agnes to provide a sworn response to Nos. 13, 14, and 15 identifying the person with knowledge of St. Agnes's finances and assets following cessation of operations.

**IT IS HEREBY ORDERED** that

1) Candelaria's application for default judgment against defendant St. Agnes Hospital is **DENIED**;

2) Candelaria's application for an order compelling defendants to respond to his First Set of Interrogatories is **GRANTED**, in part, and **DENIED**, in part; and

3) St. Agnes respond to Candelaria's interrogatories in accordance with the findings set forth within this Memorandum Order.

**SO ORDERED this 1st day of November 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**