UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------:
JUAN CANDELARIA,                                      :
                                                      :
                        Plaintiff,                    :
                                                      :     OPINION AND ORDER
            - against -                               :
                                                      :     01 Civ. 8594 (LTS) (RLE)
ERICKSON, et al.,                                     :
                                                      :
                        Defendants.                   :
------------------------------------------------------:

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

*Pro se* plaintiff, Juan Candelaria ("Candelaria"), brings this motion for the imposition of sanctions against defendant St. Agnes Hospital ("St. Agnes" or "defendants") and its attorney, for deliberately failing to comply with this Court's January 12, 2007 Order ("January Order"), and for its deceptive and misleading conduct.  Plaintiff's Application for Sanction and Appropriate Action against Defendant St. Agnes Hospital and Its Attorney of Record for Failure to Comply with the Court's Order of January 12, 2007 and For Their Conduct Which Reasonably Have the Effect of Deceiving or Misleading the Court and Plaintiff ("Candelaria Mot.") at 1.  For the reasons set forth below, Candelaria's motion for sanctions is **DENIED**.

## II.  BACKGROUND

On July 31, 2002, Laura B. Jordan ("Jordan"), an associate with the law firm representing defendants, submitted a reply affidavit in response to Candelaria's opposition to defendants' motion to dismiss, and in opposition to Candelaria's cross-motion for summary judgment.  Reply Affidavit & Affidavit in Opposition to Plaintiff's Summary Judgment Motion ("Jordan Aff.") at 1.  Within that affirmation, Jordan stated that "the medical record reflects that the plaintiff was

diagnosed with FSGS [focal segmental glomerular sclerosis] which caused his renal failure." **Id**. ¶ 13.  She further stated, "Review of the record reveals that the assessment was of acute or chronic renal failure secondary to focal segmental glomerular sclerosis with super imposed acute renal insufficiency secondary to Vasotec (medication for hypertension)." **Id**. ¶ 33.  Subsequently, defendants' motion to dismiss and Candelaria's cross-motion for summary judgment were denied by Judge Swain on June 28, 2005, and discovery commenced.  *See* Docket # 32.

     Candelaria served defendants with his First Set of Interrogatories, dated July 24, 2006.  Candelaria Mot. at 3.  St. Agnes's response, dated August 15, 2006, set forth its objections to particular interrogatories.  **Id**. at 4.  On November 1, 2006, this Court granted Candelaria's motion to compel responses to Interrogatory Nos. 1, 2, 4, 10, 13, 14, and 15.  Memorandum Opinion and Order, dated November 1, 2006 ("November Order").  By letter dated November 10, 2006, Candelaria asked the Court to set a date by which defendants must respond, claiming they had not yet responded in accordance with the November Order.  Defendants filed no opposition to the request from plaintiff, and the Court ordered that the interrogatories as set forth in November Order be responded to by January 31, 2007.  Order, January 12, 2007 ("January Order").

     Candelaria now moves for sanctions against St. Agnes and its attorney on two grounds.  First, he asserts that St. Agnes misled him and the Court by its statements in an affirmation dated July 31, 2002.  Laura B. Jordan Affirmation ("Jordan Aff.").  Second, he claims that St. Agnes failed to comply with the January Order, which directed St. Agnes to respond to his interrogatories.

### III. DISCUSSION

**A. Standard under Rule 26[1]**

Under Rule 26(g)(1) of the Federal Rules of Civil Procedure, an attorney's signature on a discovery disclosure "constitutes a certification that to the best of the signer's knowledge, information and belief, formed *after a reasonable inquiry,* the disclosure is complete and correct ..." (Emphasis added). FED.R.CIV.P. 26(g)(1).  Furthermore, Rule 26(g)(2) provides, in relevant part:

> The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the [discovery] response ... is ... (B) not interposed ... to cause unnecessary delay or needless increase in the cost of litigation; and (C) not unreasonable or unduly burdensome or expensive.

FED.R.CIV.P.26(g)(2)(A)-(C); *see also* <u>Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Int'l Union</u>, 212 F.R.D. 178, 218-219 (S.D.N.Y.2003) ("Rule 26(g) imposes on counsel an affirmative duty to engage in pretrial discovery responsibly").  According to Rule 26(g)(3), "[i]f without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose on the person who made the certification, the party on whose behalf the disclosure is made, or both, *an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee."* (Emphasis

---

[1] Candelaria notes that Rule 11 authorizes the imposition of sanctions, presumably in support of his allegation that defendants misled the Court through the Jordan affirmation.  However, Rule 11 does not apply to alleged discovery abuses.  FED.R.CIV.P. 11(d).

added). FED.R.CIV.P. 26(g)(3). Where a violation of Rule 26(g) occurs, imposition of sanctions is mandatory. FED.R.CIV.P. 26(g) Advisory Committee Notes to 1983 Amendment; **Chambers v. NASCO, Inc**., 501 U.S. 32, 51 (1991); **Clark v. Westchester County**, 1998 WL 709834, at *9 (S.D.N.Y. Oct. 9, 1998).

### B. Standard under Rule 37

Pursuant to Rule 37, "if a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just." FED.R.CIV.P. 37(b)(2); *see* **Dimensional Sound, Inc. v. Rutgers University**, 1996 WL 11244, at *3 (S.D.N.Y. Jan.10, 1996) ("Rule 37 sanctions are intended to ensure that a party does not benefit from its failure to comply [with discovery]."). It is well settled that the court has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case. **Dimensional Sound**, 1996 WL 11244, at *3. The rule authorizes a wide variety of sanctions, including declaring certain facts as established and preventing the offending party from introducing evidence on particular topics. FED.R.CIV.P. 37(b)(2)(B). Applying these criteria, the Court concludes that sanctions are neither warranted nor necessary in this case.

### C. Analysis

#### 1. Alleged Misrepresentations

Candelaria claims that St. Agnes misrepresented to the Court that the "medical record reflects that plaintiff was diagnosed with FSGS which caused his renal failure" and that "[r]eview of the record reveals that the assessment was of acute or chronic renal failure secondary to [FSGS]." Candelaria Mot. at 2. He claims that these are misrepresentations of the five references to the FSGS in his medical records. **Id**. St. Agnes argues that it did not

4

misrepresent the medical records to the Court, and actually referred to the medical records in making these statements. Response to Plaintiff's Application for Sanction[s] ("St. Agnes Opp.") at 2.

This Court finds that St. Agnes did not intentionally mislead the Court or Candelaria when stating that Candelaria was diagnosed with FSGS and referring to the portions of his medical record. While some of the notations in the medical records are ambiguous (for example, indicating that Candelaria's "most likely" diagnosis is FSGS, Candelaria Mot. Ex, B at 4, 5), Jordan's affirmation reflects a reasonable interpretation of the records while referring to the actual notation. In fact, in her denial of the motion to dismiss and cross-motion for summary judgment, Judge Swain found that "St. Agnes, however, has proffered evidence in the form of medical records from the relevant period indicating that Plaintiff was diagnosed with FSGS . . ." Opinion and Order, dated June 27, 2005, at 26. Therefore, there is no basis to impose sanctions on this allegation.

### 2. Alleged Failure to Comply with Court Orders

Candelaria argues that St. Agnes deliberately failed to comply with both the November and January Orders. Candelaria Mot. at 5-6. He argues that St. Agnes failed to comply with the November Order by only submitting a four-page letter from Kerri L. Yamashita ("Yamashita"), dated December 11, 2006, in response. **Id**. at 5. In that letter, Yamashita states, "As I am not a physician I cannot state with authority which aspect of the medical records are or may be considered a 'diagnosis'. . . 'treatment' . . . or testing." **Id**., Ex. D at 1. Candelaria argues that this statement is inconsistent with the Jordan affirmation (presumably because it expresses some uncertainty about the diagnosis), and that the letter is an inadequate response to the November

Order. He asserts that St. Agnes failed to comply with the January Order, as he has not received any response. Candelaria Mot. at 6.

St. Agnes responds that it has complied with both the November and January Orders and that, in complying with the November Order, it produced "detailed, extensive interrogatory responses to plaintiff including hundreds of pages of exhibits" on December 11, 2006. St. Agnes Opp. at 4. It maintains, therefore, that it had already complied with the requirements of the January 2007 Order before it was issued. *See* Candelaria Mot., Exh. D, St. Agnes Opp., Exh. C.

After reviewing the submissions of the parties, the Court finds there was no violation of either the November or January Orders based on a failure to respond, and Candelaria has not identified any deficiencies in the actual responses. Candelaria's motion for sanctions against St. Agnes is **DENIED**.

**SO ORDERED this 14th day of May 2007**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge